PETER STATHIS *vs.* JAMES PAPPAS ET AL.

\* Third Judicial District, Bridgeport, October Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

The mere execution and delivery of a bill of sale do not transfer title unless the parties so intend; whether they are prima facie proof of such a transfer, *quære*.

Each of the defendants purchased a one-half interest in the plaintiff's shoe-shining and hat-cleaning business, which they thereafter conducted in partnership until the defendant P learned that the plaintiff

———————————

\* Transferred from first judicial district.

had executed and delivered an earlier unrecorded bill of sale of the entire business to the defendant S; whereupon, P abandoned the business and refused to pay the agreed purchase price, for which the plaintiff brought suit. *Held* that the trial court did not err in rendering judgment for the plaintiff, since the facts conclusively showed that the parties did not intend to transfer title by the earlier bill of sale, and since the subsequent conduct of S and the admissions contained in his pleadings in this action had forever estopped him to deny that the plaintiff had title to the business at the time of the sale to P.

Argued November 13th—decided December 1st, 1924.

ACTION to recover the amount alleged to be due from the defendant Pappas under his agreement to purchase a one-half interest in the plaintiff's shoe-shining business, brought to and tried by the Superior Court in Hartford County, *Hinman, J.;* facts found and judgment rendered for the plaintiff to recover $1,551, from which the said defendant appealed. *No error.*

*Louis M. Schatz,* with whom, on the brief, was *Nathan A. Schatz,* for the appellant (defendant James Pappas).

*Abraham S. Bordon,* for the appellee (plaintiff).

PER CURIAM. The trial court reached the conclusion that the title to the shoe-shining and hat-cleaning business sold by plaintiff to defendant was in the plaintiff at the time of the sale. This conclusion is assigned as error. It raises the question of law whether the subordinate facts legally support this conclusion. This business was on August 18th, 1921, sold to Charles Stathis and a five-year lease of the premises in which the business was conducted was at the same time assigned to him. He continued in this business until July 5th, 1923, during which period his father, the plaintiff, was in his employ. On this date Charles

executed to plaintiff a bill of sale transferring title
to this business to plaintiff, and this was duly recorded
in the town clerk's office, but the lease was not assigned
to plaintiff.  The plaintiff took possession of the busi-
ness as owner.  On the same day he executed and
delivered to his son Charles Stathis a bill of sale which
was not recorded, nor did Charles take possession
of the business, but the plaintiff continued in its pos-
session.  The finding states that Charles executed a
bill of sale to plaintiff transferring title to the business
to him, but it significantly omits to say that the bill
of sale to Charles by the plaintiff transferred title
to him.  Neither does it recite the terms or the consid-
eration.  While delivery of possession, as between
the parties, was not necessary, it was necessary that
the parties should have intended to make, and in fact
have made, a transfer of title to this business.  Whether
a mere recital of the fact that a bill of sale was executed
and delivered to Charles by the plaintiff is prima
facie proof of a transfer of title we leave undetermined,
since it is unlikely that a question of transfer will
again arise based upon the single fact of the giving
of a bill of sale, without a statement that the parties
transferred title by it upon a named consideration,
or giving the essential terms of the bill of sale; and
since the further facts found in the case now before us
make it apparent that the parties never intended to
make such transfer and never made it, and Charles
has by his conduct forever estopped himself from
claiming that the title is not in plaintiff and by his
admissions confirmed plaintiff's title.

From the time of the transfer to him on July 5th,
down to his sale of the business on October 4th succeed-
ing, the plaintiff remained in possession of and was con-
ducting this business.  On this date he sold one half
of the business to defendant Pappas for $1,500, and

one half to Charles. As a part of the agreement be-
tween plaintiff, defendant and Charles, the defendant
deposited $1,500, the purchase price for his one half
of the business, with an attorney to hold as a protection
to defendant against claims of plaintiff's creditors,
and the attorney filed in the town clerk's office a notice
of intention to sell this business to defendant and
Charles Stathis. No claims were presented during the
period of fourteen days succeeding October 4th. Plain-
tiff also agreed at the time of the sale to obtain a trans-
fer of the lease to defendant and Charles and this he
obtained on October 9th following. The defendant
Pappas and Charles, a few days after the sale, entered
into a partnership to conduct this business, and took
possession of it and both continued in its undisturbed
possession and conduct for nearly two weeks, and
during this period no question concerning the title
of either in this business was made. At the end of this
period, Pappas became dissatisfied with his purchase
and returned a key to the store to plaintiff and left the
business and has not since had the physical possession
of it or any personal part in its conduct. Since Pappas
left the business Charles has been in its possession
and conduct. So far as appears from the finding the
partnership has not been given up. Pappas has refused
to pay the $1,500 or to permit the attorney with whom
it was deposited to pay the same to plainitff.

Assuming that the mere execution and delivery
of the bill of sale, unexplained, were sufficient to make
out a prima facie title in Charles on July 5th, his ac-
quiescence in plaintiff's right to transfer, on October
4th, a one-half interest in the business to Pappas and
a one half to himself was a definite recognition of
plaintiff's title to this business and estopped him
from ever after asserting title to it or denying that
plaintiff had title at that time. Since Charles is the

only person who defendant Pappas indirectly claims had the title and since. Charles himself has treated the plaintiff as the owner and accepted title to one half of the business from him, and stood by without protest and in acquiescence while plaintiff made the sale to Pappas and himself, there is no one who can contest plaintiff's right to make the transfer to Pappas.

In addition, Charles was made a party defendant and in his answer admits that plaintiff sold to defendant and himself his business, which is a specific admission of plaintiff's ownership at the time of the sale.

These facts show as a matter of law that the bill of sale to Charles was never intended to effect a transfer to him of this business and never in fact did so. The only conclusion which logically, hence legally, resulted from the subordinate facts was that which the trial court reached, that the plaintiff had title to this business at the time he sold a half interest to Pappas.

There is no error.